Dear Senator Strong:
This letter is in response to your question which is as follows:
 Must the balance in the unemployment compensation fund, under sections 288.121
and 288.122, reach the designated level for four consecutive calendar quarters or for a single calendar quarter for the triggering of an adjustment to the surcharge or the tax table for the succeeding calendar year?
Section 288.121, RSMo Supp. 1984, provides:
 If the lowest balance, less any federal advances in the unemployment compensation trust fund on March 31, 1984, or on any March thirty-first, June thirtieth or September thirtieth or December thirty-first, thereafter, is less than two hundred fifty million dollars, then each employer's contributions due for the four calendar quarters of the succeeding calendar year shall be increased by the percentage determined from the following table:
Balance in Trust Fund
 Less Equals Percentage Than or Exceeds of Increase
 $250,000,000 $200,000,000 20% $200,000,000 30%
Section 288.122, RSMo Supp. 1984, provides:
 If the lowest balance, less any federal advances in the unemployment compensation trust fund on March 31, 1984, or on any March thirty-first, June thirtieth or September thirtieth or December thirty-first, thereafter, is more than three hundred fifty million dollars, then the contributions due from each employer shall, for the four calendar quarters of the succeeding calendar year, be decreased by the percentage determined from the following table:
Balance in Trust Fund
 More But Less Percentage Than Than of Decrease
 $350,000,000 $400,000,000 5% $400,000,000 10%
The underlying question is the percentage increase under Section 288.121, RSMo Supp. 1984, for calendar year 1986? The purpose of the enactment is solvency of the unemployment compensation trust fund.
Section 288.121 refers to the "lowest balance" (less any federal advances) of the unemployment compensation trust fund at the end of "any" quarter. If that balance is below $250,000,000 but is equal to or exceeds $200,000,000 the percentage of increase is 20 percent. If the balance is below $200,000,000 the percentage of increase is 30 percent. The percentage of increase of each employer's contribution due for the four calendar quarters of the succeeding calendar year is triggered by the lowest balance less federal advances in the fund on any March 31, or June 30, or September 30, or
December 31.
In examining the relevant statutory sections, we are obligated to determine legislative intent from the plain words and phrases. Section 1.090, RSMo 1978. Statutes should be given a reasonable construction. Estate of Huskey v. Monroe,674 S.W.2d 205 (Mo.App. S.D. 1984)
The increase or decrease in the employer tax contributions depends on the amount in the unemployment compensation trust fund at the end of each quarter. The increase or decrease is effective for the four calendar quarters of the succeeding calendar year. The triggering quarters are stated disjunctively by the word "or". We conclude from the plain unequivocal language of the statutes above set out that the increase or decrease in the employer contributions for the four quarters of a succeeding calendar year depends on the lowest balance in the trust fund, less federal advances, at the end ofany single calendar quarter.
The Missouri Division of Employment Security has represented to this office that the lowest balance of the trust fund less federal advances for 1985 was on March 31, 1985, when the balance was well below $200,000,000. The fund improved by the end of December, 1985, when the balance (not the lowest balance in 1985) exceeded $200,000,000. Associated Industries of Missouri concurs in this representation. The question then is the intent of the Missouri legislature as to the percentage of increase under Section 288.121, RSMo Supp. 1984. Clearly the answer is 30 percent considering the lowest balance under the statute on March 31, 1985 was less than $200,000,000. This certainly conforms with the concept of solvency of the fund and is the obvious intended result. Since there appears to be disagreement from a segment of the employer constituency, it is recommended that the issue be resolved legislatively.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General